UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CUPERTINO UNION SCHOOL DISTRICT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K.A., BY AND THROUGH S.A. AND J.S., et al.,<br><br>　　　　　Defendants. | Case No.  13-cv-04659-BLF<br><br>**ORDER SETTING SCHEDULE ON DEFENDANT'S COUNTERCLAIMS** |

On September 4, 2014, the Court heard plaintiff Cupertino Union School District's ("District") Motion for Summary Judgment appealing the adverse rulings by an Administrative Law Judge on Issues 1 and 3 of three issues presented in a due process hearing conducted pursuant to the Individuals with Disabilities Education Act ("IDEA").  Defendant Mr. A ("Father"), who is proceeding *pro se* to vindicate his own interest in the educational rights of his child, K.A., had counterclaimed, seeking review of the ALJ's ruling adverse to K.A. on Issue 2 as well as what appears to be a request for a *de novo* determination that the June 8, 2012 Individual Education Plan ("IEP") developed by the District was either procedurally or substantively improper.[1] Amended Answer and Counterclaim ¶¶ 26-29 (Second and Third Causes of Action), ECF 42. Father did not file a cross motion for summary judgment on his counterclaims and instead requested a bench trial.

At the September 4, 2014 hearing, the Court indicated its intent to conduct a bench trial on

---

[1] Both parties appealed the ALJ's award of compensatory services. Father also appears to be requesting monetary compensation for lost services. Amended Answer ¶¶ 30-31 ("Fourth Cause of Action"). Money damages, however, are not available under the IDEA. *Robb v. Bethel Sch. Dist. No. 403*, 308 F.3d 1047, 1049 (9th Cir. 2002) *overruled on other grounds by Payne v. Peninsula Sch. Dist.*, 653 F.3d 863 (9th Cir. 2011).

the issue of appropriate compensatory services in connection with Issues 1 and 3. The Court also indicated that any bench trial would include adjudication of Father's appeal on Issue 2 of the ALJ's ruling. Upon further consideration, the Court finds it necessary and appropriate to bifurcate Father's counterclaims from the issue of remedies.

The District's appeal on Issues 1 and 3 is submitted, and the Court will consider the parties' arguments, as well as the appropriate forum for a new trial on compensatory services in connection with those issues.

With respect to Father's counterclaims, the Court shall set a bench trial.[2] Each side shall have no more than **1 hour** to present arguments and/or "additional evidence" on the following issues:

1. Whether the ALJ erred on Issue 2 in ruling that the District did not deny K.A. a free appropriate public education by failing to place him on home-hospital instruction at the May 31, 2012 IEP meeting?[3]
2. Whether this Court should consider Father's "Third Cause of Action" concerning the June 8, 2012 IEP?[4]

If there is no additional relevant evidence to be presented at trial, the parties are welcome to stipulate to submitting these issues on the papers.

IT IS HEREBY ORDERED THAT the parties shall adhere to the following schedule for a

---

[2] The Court acknowledges the District's argument that Father should have moved for summary judgment pursuant to the scheduling order set by this Court on May 30, 2014. However, in view of Father's *pro se* status, the Court shall permit Father to present his issues at a limited bench trial.

[3] The Court will only hear evidence and argument on this narrowly defined issue at the bench trial. Should the Court find in Father's favor on this issue, the Court will invite briefing and evidence on appropriate remedies.

[4] At the September 4, 2014 hearing, the Court indicated to Father that this claim was not before the Court because Father did not raise it at the administrative hearing. The District, in its Answer to Father's counterclaims, indicated that it intended to preserve administrative exhaustion as an affirmative defense. Answer to Counterclaim ¶ 11, ECF 9. The District has not, however, moved to dismiss or sought summary judgment on this counterclaim. *See Payne v. Peninsula School Dist.*, 653 F.3d 863 (9th Cir. 2011) (IDEA exhaustion requirement not jurisdictional); *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (affirmative defense of failure to exhaust administrative remedies may be presented as motion to dismiss or as motion for summary judgment). As such, the Court will entertain argument as to whether this claim can or should be adjudicated at this time.

bench trial with respect to Father's counterclaims:

| EVENT | DATE OR DEADLINE |
|---|---|
| Father's trial brief<br><br>Father's request to introduce additional relevant evidence not already in the administrative record (if any) | October 10, 2014 |
| District's trial brief<br><br>District's request to introduce additional relevant evidence not already in the administrative record (if any), and objections to Father's request to introduce additional evidence | October 31, 2014 |
| Father's objections to District's request to introduce additional evidence (if any) at trial | November 12, 2014 |
| Bench trial | December 12, 2014 at 9:00 a.m.<br>1 hour per side |

Each trial brief shall not exceed 10 pages, exclusive of each party's request to admit additional evidence or objections to such request. If a party seeks to admit "additional evidence," the requesting party shall identify each piece of evidence, summarize its content, explain why it is relevant to the issues to be presented at trial, and why the Court should admit such evidence.

The parties are reminded that the Court will only consider "additional evidence" that is non-cumulative, relevant to the issue on appeal, and otherwise admissible. 20 U.S.C. § 1415(i)(2)(C)(ii). The Court will not consider evidence that "simply repeats or embellishes evidence taken at the administrative hearing," *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1004 (9th Cir. 2011), or admit evidence that changes "'the character of the hearing from one of review to a trial de novo,'" *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984), *aff'd sub nom. Sch. Comm. v. Dep't of Educ.*, 471 U.S. 359 (1985)). Additional evidence can include (but is not limited to) "evidence concerning *relevant* events occurring subsequent to the administrative hearing." *Id.* at 1473 (emphasis added).

1     **IT IS SO ORDERED.**

2   Dated: September 15, 2014

BETH LABSON FREEMAN
United States District Judge