UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CUPERTINO UNION SCHOOL
DISTRICT,

              Plaintiff,

     v.

K.A., BY AND THROUGH S.A. AND J.S.,
et al.,

              Defendants.

Case No.  13-cv-04659-BLF

**ORDER GRANTING PLAINTIFF'S
SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT**

[Re: ECF 57]

This lawsuit is an appeal pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*  Before the Court is the Motion for Judgment on the Pleadings/Alternative Motion for Partial Summary Judgment by plaintiff Cupertino Union School District ("District").  The District seeks summary judgment on the "Third Cause of Action" by defendant and counterclaimant S.A. ("S.A." or "Father")[1] on the ground that it is barred from consideration for failure to exhaust administrative remedies.[2]  Pl.'s Mot., ECF 57.

Although the District noticed the instant motion for hearing at 9:00 a.m. on December 4, 2014, Father did not appear for the hearing, despite filing written opposition.  As such, the Court

---

[1] Father is proceeding *pro se* to vindicate his individual right to a free appropriate public education ("FAPE") for his child pursuant to the IDEA.  *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

[2] Earlier in these proceedings, the District filed a motion for summary judgment regarding its issues on appeal.  *See* ECF 45.  The District, noting that this Court allows only one summary judgment motion per side, seeks, in the alternative, judgment on the pleadings.  The Court appreciates the District's caution and, because this discrete legal issue of administrative exhaustion is best addressed as a motion for summary judgment, *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014), grants the District's request to file a second motion for summary judgment. In any event, as the District correctly points out, the facts relevant to exhaustion are undisputed and clearly presented on the face of the pleadings.

United States District Court
Northern District of California

1   deemed the matter submitted on the papers without oral argument.  For the reasons stated herein,

2   the District's Motion for Partial Summary Judgment is GRANTED.

3   **I.    BACKGROUND**

4          A complete recitation of the facts of this case can be found in the Court's prior order issued

5   on December 2, 2014.  ECF 70.  The following facts are pertinent to the issue before the Court.

6          On March 18, 2013 and April 2, 2013, student K.A., through his parents S.A. and J.S.

7   (collectively, "Parents"), filed due process complaints challenging various aspects of the District's

8   development, offer, and implementation of special education services under the IDEA.  The issues

9   raised in the complaints were consolidated and, on May 20, 2013, the parties held a telephonic

10  prehearing conference before Administrative Law Judge ("ALJ") Rebecca Freie.  Based on the

11  parties' discussion during that conference, ALJ Freie developed the following three issues to be

12  presented at the underlying due process hearing:

> (I)    Did the District unilaterally predetermine the Student's
>        individualized education program (IEP) in an IEP offer dated
>        March 29, 2012, which denied Student a free appropriate
>        public education (FAPE)?
>
> (II)   Did the District deny Student a FAPE at an IEP meeting on
>        May 31, 2012, by denying Parents' request for home-
>        hospital instruction because of Student's medication?
>
> (III)  Did the District deny Student a FAPE for the 2012-13 school
>        year (SY) by not providing him with home-hospital
>        instruction and related services following an August 29,
>        2012, agreement, that it would do so?

20  Order Following Prehearing Conference 2 ("Prehearing Order"), ECF 38-3 at 84; OAH Decision

21  2, ECF 38-4 at 56.[3]  ALJ Freie noted that she "informed Father that she does not have authority to

22  award monetary damages, or to order the District to reimburse Parents for any costs they incur in

23  taking this case to hearing, including lost wages."  Prehearing Order 2, n.3.  As such, the proposed

24  resolutions portion of the prehearing order did not include Parents' proposed relief in their April 2,

25  2013 due process complaint that "[t]he School District must pay at least $500,000 to the Student

26

27  ───────────────

    [3] Because the administrative record page numbers are illegible in the record submitted by the

28  District, citations are to the original page numbers of each document, with cross-references to ECF
    page numbers where appropriate.

1    for denial of FAPE."  *See* Apr. 2, 2012 Due Process Complaint 2, 38-3 at 18; Prehearing Order 2.

2          The issues identified by ALJ Freie proceeded to a five-day due process hearing before ALJ

3    Margaret Broussard, who found in K.A.'s favor on Issues 1 and 3 and in the District's favor on

4    Issue 2.  The District appealed to this Court on October 7, 2013, and Father counterclaimed,

5    challenging not only the ALJ's adverse ruling on Issue 2 and her award of remedies (Second and

6    First Causes of Action, respectively), but also asserting a Third Cause of Action ("COA") alleging

7    that a June 8, 2012 IEP developed by the District was substantively or procedurally improper, and

8    a Fourth COA generally alleging denial of FAPE and seeking monetary compensation for the loss

9    of FAPE associated with all alleged violations.  Am. Answer and Countercls., ECF 42.  On

10   October 2, 2014, the District filed the present Motion for Partial Summary Judgment as to Father's

11   Third COA on the ground that Father failed to exhaust administrative remedies on that claim.

12   **II.      LEGAL STANDARD**

13         Summary judgment pursuant to Federal Rule of Civil Procedure 56 is generally

14   appropriate if "there is no genuine issue as to any material fact and that the moving party is

15   entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

16   The Ninth Circuit recently clarified that where, as here, a party asserts failure to exhaust

17   administrative remedies, the exhaustion issue is most appropriately decided on a motion for

18   summary judgment and preferably decided, "if feasible, before reaching the merits."  *Albino v.*

19   *Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014).[4]  "[E]xhaustion is analogous to subject-matter

20   jurisdiction, personal jurisdiction, venue, and abstention, in that all these matters are typically

21   decided at the outset of the litigation."  *Id.* at 1170.  As such, when exhaustion is at issue, the

22   district court is empowered to resolve disputed factual issues.  *Id.*

23         Before a plaintiff may file a civil action for relief that would also be available under the

24   IDEA, he must first exhaust the IDEA's administrative remedies.  20 U.S.C. § 1415(l) ("before the

United States District Court
Northern District of California

---

[4] Though decided in the context of a claim under the Prison Litigation Reform Act of 1996, the *Albino* court expressly noted that the outlined summary judgment procedure should apply in other administrative exhaustion contexts, including claims under the IDEA.  *Id.* at 1171 (overruling *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 881 (9th Cir. 2011) to the extent it required the use of an unenumerated 12(b) motion to decide exhaustion questions).

filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter").  The exhaustion requirement is designed to allow for, *inter alia*, "the exercise of discretion and educational expertise by state and local agencies," and to afford agencies "the first opportunity to correct shortcomings in their educational programs."  *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 875-76 (9th Cir. 2011) (quoting *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir.1992), *overruled on other grounds by Albino*, 747 F.3d at 1171.

The exhaustion requirement of § 1415(l) applies to all claims for relief that are also available under the IDEA.  The Ninth Circuit has articulated a relief-centered approach for analyzing the applicability of § 1415(l) wherein a district court considers: "whether a plaintiff seeks (1) monetary relief as the 'functional equivalent' of a remedy available under the IDEA, (2) 'prospective injunctive relief to alter an IEP or the educational placement of a disabled student,' or (3) 'to enforce rights that arise as a result of a denial' of a FAPE."  *C.O. v. Portland Pub. Schs.*, 679 F.3d 1162, 1168 (9th Cir. 2012) (quoting *Payne*, 653 F.3d at 875); *see also M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 861-62 (9th Cir. 2014), *as amended* (Oct. 1, 2014); *Cayla R. v. Morgan Hill Unified Sch. Dist.*, No. 5:10-CV-04312 EJD, 2012 WL 1038664, at *5 (N.D. Cal. Mar. 27, 2012); *D.C. ex rel. T.C. v. Oakdale Joint Unified Sch. Dist.*, No. 1:11-CV-01112 AWI, 2011 WL 5828187, at *3 (E.D. Cal. Nov. 18, 2011).  "Ultimately, § 1415(l) is designed to channel requests for a FAPE (and its incidents) through IDEA-prescribed procedures."  *Payne*, 653 F.3d at 882.

## III.    ANALYSIS

It is undisputed that the ALJ in the underlying administrative proceeding did not hear any claims pertaining to the June 8, 2012 IEP and expressly indicated that she was not ruling on the procedural or substantive appropriateness of that document.  Pl.'s Mot. 6; Def.'s Opp. 1, ECF 63; OAH Decision at 14, n.18.  Thus, the only question the Court must decide is whether Father's claim concerning the June 8, 2012 IEP is subject to the exhaustion requirement of § 1415(l).

Father's Third COA reads, in pertinent part:

The June 08, 2012 IEP by the District was not only did severe

4

> violation of education law but strange way special educational practice by the District which completely bypasses federal code regulation (CFR) and special education law.  The Counterclaimant alleges that this action by the District jeopardized the special education program of the Student.  The ALJ should have ordered to conduct a fresh IEP considering all necessary requirements including placement of the Student.

Am. Answer and Countercls. ¶ 29.  The District argues that § 1415(l) mandates exhaustion of statutory administrative remedies as to this claim because it is predicated upon the assertion that the June 8, 2012 IEP violated the IDEA.  Pl.'s Mot. 6.  Because Father did not present any claims regarding the June 8, 2012 IEP at the underlying administrative hearing, the Third COA is unexhausted and, as such, cannot be considered by this Court.  *Id.*  The Court agrees.

Father's Third COA regarding the June 8, 2012 IEP clearly requests relief that is available under the IDEA in that he is seeking to enforce rights that arise as a result of an alleged deprivation of a FAPE.  *C.O.*, 679 F.3d at 1168.  The injuries that Father identifies in connection with the June 8, 2012 IEP, which Father characterizes as "unimaginable procedural violations under the IDEA" and "fraud," include, improper development and implementation of the June 8, 2012 IEP without parental consent, failure to consider Parents' private assessment by Dr. Damon Korb before June 8, 2012, perjury by district employees who testified at an earlier due process hearing that they did consider the Korb report before June 8, 2012, and concealment of the June 8, 2012 IEP document from Father until the fourth day of the underlying administrative hearing.  Def.'s Trial Br. 7-8, ECF 61.[5]  For these violations, which caused Parents "sorrow," Father seeks monetary damages as recompense and to "help the father to care of the Student in better way."  *Id.*

All of these alleged violations implicate substantive and procedural rights under the IDEA, which are remediable through the Act's comprehensive enforcement scheme.[6]  Moreover, in his

---

[5] Father's two-page opposition to the District's motion for partial summary judgment indicates that he has "already mentioned at length" the Third COA in his trial brief filed September 15, 2014 and in his counterclaims.  Def.'s Opp. 2.  Although the Court does not normally consider other briefs or arguments that are incorporated by reference, in view of Father's *pro se* status the Court has reviewed all of the referenced documents to understand Father's claim.

[6] To the extent Father contends that the District's "concealment" of the June 8, 2012 IEP until partway through the underlying due process hearing amounted to fraud or a violation of due process, such claims must also be exhausted at the administrative level.  The IDEA provides procedural due process rights, and Father "cannot simply claim damages in place of the process

United States District Court
Northern District of California

own words, Father asserts that the Third COA seeks a "*de novo* determination that the June 8, 2012 IEP developed by the District was either procedurally or [substantively] improper." Def.'s Trial Br. 6. Such a determination necessarily questions whether the June 8, 2012 IEP provided K.A. with a FAPE and is indisputably subject to the exhaustion requirement of § 1415(l). *See Payne*, 653 F.3d at 883 ("[I]f . . . the claim is for deprivation of a 'free and appropriate education,' then [claimant] seeks relief that is also available under the IDEA, and [claimant] must exhaust her statutory remedies.") (citing 20 U.S.C. § 1412(a)(1)(A)).

Father's sole argument against summary judgment for failure to exhaust administrative remedies is his contention, referencing *Payne*, that the Third COA is for "monetary damages," which are not available under the IDEA. Because "[t]here were no monetary claims in the requested remedies for the administrative hearing," Father argues that § 1415(l) does not apply. Def.'s Opp. 1; *see also id.* n.1.

The Court first observes that as pled, Father's request for a determination on the validity of the June 8, 2012 IEP and his request for damages are technically labeled as different "causes of action"—the Third and Fourth COA's, respectively—in the Amended Answer and Counterclaims. It is not clear, however, that the Fourth COA was intended to stand alone, as it merely alleges a general denial of FAPE based on the more specific violations alleged in the First, Second, and Third COA's. Moreover, compensatory damages are not available for violations of the IDEA and, as such, Father cannot state a claim for money damages in connection with the alleged deprivation of a FAPE in any of the other challenged IEP's that were actually addressed in the administrative proceedings below. *C.O.*, 679 F.3d at 1166 ("the IDEA creates a 'comprehensive enforcement scheme' in which compensatory damages play no part"); *Blanchard v. Morton Sch. Dist.*, 509 F.3d

---

available to [him]." *Payne*, 653 F.3d at 883; *see also C.O.*, 679 F.3d at 1168 (parent's claim that she was denied sufficient access to discovery during administrative proceedings was clearly remediable through those same proceedings and was therefore functional equivalent of a procedural defect claim under the IDEA subject to exhaustion). In any event, any alleged concealment was remedied by the eventual production and inclusion of the June 18, 2012 IEP documents into the administrative record that the ALJ considered. Moreover, because the question of the procedural and substantive appropriateness of the June 8, 2012 IEP was not before the ALJ and she made no findings on that issue, any failure to produce those documents earlier does not appear to have been prejudicial. *See* OAH Decision at 14, n.18.

United States District Court
Northern District of California

934, 938 (9th Cir. 2007); *see also Mountain View–Los Altos Union High Sch. Dist. v. Sharron B.H.*, 709 F.2d 28, 30 (9th Cir. 1983) ("[t]he wording of the [IDEA] does not disclose a congressional intent to provide a [compensatory] damage remedy").

Thus, in light of Father's *pro se* status, and taking into consideration his own description of his claim, the Court construes the Third and Fourth COA's to be, together, a single claim for monetary damages in connection with the alleged denial of a FAPE in the June 8, 2012 IEP. Understanding Father's claim as such, summary judgment must be entered in the District's favor for failure to exhaust statutory administrative remedies as to that claim. Father "cannot avoid exhaustion through artful pleading," and "to the extent that a request for money damages functions as a substitute for relief under the IDEA, a [Father] cannot escape the exhaustion requirement simply by limiting [his] prayer for relief to such damages." *Payne*, 653 F.3d at 877. Other than asserting that he is only seeking money damages, Father fails to articulate a claim premised on the June 8, 2012 IEP that is anything other than a claim for deprivation of a FAPE. Insofar as Father has failed to identify a plausible claim for damages that is "unrelated to the deprivation of a FAPE," *id.*, the Third COA is subject to exhaustion under § 1415(l). Because it is undisputed that Father did not present any claims relating to the June 8, 2012 IEP in the underlying administrative proceeding, summary judgment must be entered in the District's favor on the issue of exhaustion with respect to Father's claim based on the June 8, 2012 IEP.

## IV.   ORDER

For the foregoing reasons, the District's Motion for Partial Summary Judgment is GRANTED as to the "Third Cause of Action" and concomitant request for compensatory damages (labeled as a "Fourth Cause of Action") in Father's Amended Answer and Counterclaims.

**IT IS SO ORDERED.**

Dated: December 4, 2014

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

7