UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CUPERTINO UNION SCHOOL DISTRICT,<br><br>            Plaintiff,<br><br>      v.<br><br>K.A., BY AND THROUGH S.A. AND J.S., et al.,<br><br>            Defendants. | Case No.  13-cv-04659-BLF<br><br>**ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE ON ISSUE TWO** |

In this appeal pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, *pro se* defendant and counterclaimant S.A. ("S.A." or "Father")[1] appeals the adverse ruling by an Administrative Law Judge ("ALJ") of the California Office of Administrative Hearings ("OAH") on the second of three issues presented at a five-day due process conducted in May and June 2013.  Specifically, the ALJ concluded that plaintiff Cupertino Union School District ("District") did not deny student K.A. a free appropriate public education ("FAPE") when it denied the request of K.A.'s parents—S.A. and J.S (collectively, "Parents")—for home-hospital instruction at a May 31, 2012 meeting to develop an Individualized Education Plain ("IEP") for K.A.  OAH Decision at 30, ¶ 21.[2]

After Father failed to file a motion for summary judgment regarding his appeal, the Court set a bench trial at Father's request.  *See* Scheduling Order, ECF 56.  On December 12, 2014, the Court heard the parties' respective arguments concerning Issue 2 and permitted Father to augment

---

[1] Father is proceeding *pro se* to vindicate his individual right to a free appropriate public education ("FAPE") for his child pursuant to the IDEA.  *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

[2] Available as part of the administrative record submitted by the District at ECF 38-4, pp. 55-114.

the record with testimony from K.A.'s mother, J.S. ("J.S." or "Mother").[3] After careful consideration of the record and the arguments of the parties, the Court, for the reasons stated below, AFFIRMS the ruling of the ALJ on Issue 2.

## I. BACKGROUND

A complete recitation of the facts in this case can be found in the Court's prior order issued on December 2, 2014. *See* ECF 70. The following facts are relevant to the Court's consideration of Father's appeal on Issue 2.

K.A. is a twelve year old boy with regressive autism who is eligible for special education as a "student with autistic-like behaviors." OAH Decision 4, ¶ 1. In April 2012, K.A. suffered a number of seizures both in the classroom and on the school bus ride home. *Id.* at 6, ¶ 8. Parents did not return K.A. to school thereafter because he was being treated with new seizure medication and required monitoring. Parents communicated with the District regarding support for K.A. upon his return to school. Parents requested a one-to-one aide in the classroom and on the school bus ride to and from home. *Id.* at 12, ¶ 35. On April 26, 2012, District Director Deborah Textor sent Parents a letter stating: "At this time, the District denies your request for a 1:1 aide or for [K.A.'s] mother to act as [K.A.'s] aide." The letter further indicated that the District intended to schedule an IEP meeting in order to discuss K.A.'s condition and Parents' request for an aide. Apr. 26, 2012 Letter, ECF 38-6 at 49. At the December 12, 2014 bench trial, J.S. testified that she recalled offering to act as K.A.'s aide on the school bus and following up on the District's rejection of Parents' request.

On May 31, 2012, the District convened an "emergency" IEP meeting to discuss K.A.'s medical as well as educational needs. The school nurse explained at the meeting that in order for the District to provide instruction at a student's home, state law required a doctor's note stating the diagnosis, certifying that the condition prevented the student from attending a less restrictive

---

[3] Father notified the Court of his intent to call J.S. as a witness at the bench trial but failed to provide any specifics regarding her intended testimony, as required by the Court in its scheduling order. *See* Scheduling Order at 3. For the convenience of the witness, and subject to the District's reservation of right to move to strike the testimony, the Court permitted J.S. to testify and be cross-examined at the December 12, 2014 hearing.

1 placement, and projecting a calendar date for the student's return to school. OAH Decision at 14,
2 ¶ 39. Because Parents had not provided such a doctor's note, the District did not offer home-
3 hospital instruction and instead offered an aide to support K.A. for the entire school day, but no
4 aide support on the school bus. *Id.* at 14, ¶¶ 39-40.

5    The District held another IEP team meeting on June 8, 2012 and developed an IEP that
6 contained a different offer of placement services from the May 31, 2012 IEP. The ALJ found that
7 the June 8, 2012 IEP superseded the May 31, 2012 offer, and that any deprivation of FAPE from
8 denying home-hospital instruction on May 31, 2012 accordingly ended on June 8, 2012. *Id.* at 14,
9 ¶ 41. The ALJ made no findings on the substantive or procedural appropriateness of the June 8,
10 2012 IEP. *Id.* n.18. This Court recently determined that Father cannot pursue a claim that the
11 June 8, 2012 IEP was a deprivation of FAPE because he did not exhaust that issue in the
12 administrative proceedings below. *See* ECF 71.

13    On April 2, 2013, Parents filed the second of two due process complaints later
14 consolidated and heard in the administrative proceedings below. The complaint characterized
15 Parents' issues as follows:

> I)  School District ignored parents request during the Individualized Education Program (IEP) Meeting held on 05/31/2012 for home school instruction to the Student due to Student's inability to attend the school due to medication.
>
> II) The School District unilaterally reneged the signed IEP amendment dated 08/29/2012 by not giving Home Instructions and, Speech and Language Therapy."

21 Apr. 2, 2013 Due Process Compl. at 2, 38-3 at 18. The due process complaint further explained:
22 "On 05/31/2012 IEP meeting, the parents requested home school instructions but the School
23 District ignored the request. The student could not attend the school since 04/24/2012. The
24 School District denied the home instruction for the student." *Id.* at 2. Based on these allegations
25 and a prehearing conference with Parents and the District, ALJ Freie developed the issues to be
26 presented at the administrative hearing below. Issue 2, the subject of this appeal, was formulated
27 as: "Did the District deny Student a free appropriate public education (FAPE) at an IEP team
28 meeting on May 31, 2012, by denying Parents' request for home-hospital instruction because of

3

1  Student's medication?" Order following Prehearing Conference 2 ("Prehearing Order"), ECF 38-
2  3 at 84; OAH Decision at 2.

3   The ALJ presiding over the underlying due process hearing concluded that Parents failed
4  to satisfy their burden to demonstrate that the District's denial of home-hospital instruction May
5  31, 2012 was improper, as the record established that there was "no report from a physician,
6  surgeon or psychologist that met the legal requirements for placement on home-hospital
7  instruction." OAH Decision at 30-31, ¶ 21. Specifically, the ALJ cited the California Code of
8  Regulations, noting that state law provides that an IEP team, in recommending home instruction
9  "must have a 'medical report from the attending physician and surgeon or the report of the
10 psychologist, as appropriate, stating the diagnosed condition and certifying that the severity of the
11 condition prevents the pupil from attending a less restrictive placement.'" *Id.* at 30, ¶ 19 (quoting
12 Cal. Code Regs., tit. 5, § 3051.4(d)). Parents had previously provided the District with a May 1,
13 2012 note from Dr. Todd Lewis and a May 4, 2012 note signed by an RN in order to excuse
14 K.A.'s absence from school. However, the ALJ determined that neither note "met the legal
15 criteria to allow an IEP team to place a student on home-hospital instruction." *Id.* at 13, ¶¶ 37-38.
16 The record evidence also indicated that Parents would not permit the District to contact K.A.'s
17 doctors directly in order to obtain the requisite information, though the ALJ credited Father's
18 testimony that he did so out of privacy concerns. *Id.* at n.15.

19   As such, the ALJ concluded that the District did not deny K.A. a FAPE in denying home-
20 hospital instruction on May 31, 2012 because Parents had not provided a physician's note that
21 would satisfy the legal criteria permitting the IEP team to make a recommendation for home-
22 instruction. *Id.* at 30-31, ¶ 21. Father now appeals that determination.

23 **II.   LEGAL STANDARD**

24   In any action brought before the district court pursuant to § 1415, the IDEA provides that
25 "the court shall receive the records of the administrative proceedings, shall hear additional
26 evidence at the request of a party, and, basing its decision on the preponderance of the evidence,
27 shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). This
28 standard empowers a court to conduct a more detailed and independent analysis than afforded in

4

more traditional administrative review settings, though there are limits to the types of "additional evidence" that a district court may hear. *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1004-06 (9th Cir. 2011). Moreover, the Ninth Circuit has noted that courts must give "due weight" to the state administrative proceedings and, at a minimum, "must consider the findings carefully." *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 481 F.3d 770, 775 (9th Cir. 2007); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1474 (9th Cir. 1993) ("*Ojai*"); *see also Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 892 (9th Cir. 1995) ("It is hard to see what else the district court could do as a practical matter under the statute except read the administrative record, consider the new evidence, and make an independent judgment based on a preponderance of the evidence and giving due weight to the hearing officer's determinations."). A court should give particular deference where the hearing officer's administrative findings are "thorough and careful," *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994), or are based on credibility determinations of live witnesses, *Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 889 (9th Cir. 2001).

While the petitioning party bears the burden of proof at the administrative level, *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 57 (2005), the party challenging an administrative decision in federal district court has the burden of persuasion on his or her claim, *Clyde K. v. Puyallup Sch. Dist., No. 3*, 35 F.3d 1396 (9th Cir. 1994), *superseded by statute on other grounds, as recognized in L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900 (9th Cir. 2009). In exercising its power of independent review, the courts should not "substitute their own notions of sound educational policy for those of the school authorities which they review." *Ojai*, 4 F.3d at 1472.

### III. ANALYSIS

At the December 12, 2014 bench trial, Father did not appear to dispute the fact that on May 31, 2012, Parents did not have a doctor's report that satisfied the legal requirements for a recommendation of home-hospital instruction. Instead, Father's argument appears to be that Parents should have been excused from that requirement because they were led into believing that the District would provide a one-to-one aide for K.A. and that the May 31, 2012 meeting would be in regard to those services. Based on that belief, Parents did not believe they needed to obtain a

5

compliant physician's note for home-hospital instruction in advance of the May 31, 2012 meeting.

Father's assertion is contradicted by the record evidence, which indicates that the District rejected Parents' request for a one-to-one aide on April 26, 2012 but invited them to an IEP meeting where K.A.'s seizures and seizure protocol would be discussed, including his need for an aide. *See* Apr. 26, 2012 Letter, ECF 38-6 at 49. J.S. testified that she recalled receiving the District's rejection of her request for an aide and of communicating with district personnel by phone regarding that rejection. Because Parents were aware at the end of April that the District was preliminarily denying their request for a one-to-one aid, the record evidence does not support Father's contention that the District's actions prevented Parents from obtaining the requisite doctor's note in advance of the May 31, 2012 meeting.[4]

Moreover, Father's theory involving reliance on the District's offer of one-to-one services to excuse failure to obtain a physician's note was not presented to the ALJ. In Parents' own words, their complaint with regard to the May 31, 2012 IEP was that "parents requested home school instructions but the School District ignored the request." Apr. 2, 2013 Due Process Compl. at 2. Framed as such, the ALJ found that the District did not improperly deny home-hospital instruction because Parents failed to provide a physician's note that complied with the legal requirements for home instruction. Father has not identified any evidence in the record or introduced any additional evidence that would demonstrate that the IEP team on May 31, 2012 failed to consider a note from K.A.'s treating physician that satisfied the requirements of the California Code. Without a compliant doctor's note, the IEP team could not legally recommend home-hospital instruction on May 31, 2012.

More fundamentally, the applicable regulation provides:

> When recommending placement for home instruction, the IEP team *shall* have in the assessment information a medical report from the attending physician and surgeon or the report of the psychologist, as appropriate, stating the diagnosed condition and certifying that the severity of the condition prevents the pupil from attending a less restrictive placement. The report shall include a projected calendar

---

[4] Although J.S. testified that K.A.'s treating physician was extremely busy and typically required that appointments be scheduled three months in advance, it is not clear that Parents attempted to obtain an expedited appointment before May 31, 2012.

> date for the pupil's return to school. The IEP team shall meet to reconsider the IEP prior to the projected calendar date for the pupil's return to school."

Cal. Code Regs. tit. 5, § 3051.4(d) (emphasis added). Father cited no exceptions to this requirement, nor is the Court aware of any exception or excuse from this requirement. As such, Father's claim for excuse does not appear to be legally viable, and Father has failed to satisfy his burden of persuasion on the contention that the ALJ erred in her ruling.

To the extent Father contends that the District "reneged" on its offer of one-to-one aide services on June 8, 2012 and thereby deprived K.A. of a FAPE at that time, that is a completely different issue from the one presented to the ALJ and on appeal before the Court. Issue 2 presented to the ALJ was the narrowly defined issue of whether the District deprived K.A. of a FAPE by denying home-hospital instruction on May 31, 2012. Based on the record before the Court, the lack of a physician's note that met the legal criteria for an IEP team to recommend home-instruction, and the absence in the applicable regulation of any exception to or excuse from this requirement, the ALJ did not err in determining that there was no deprivation of FAPE on May 31, 2012 when the District denied home-hospital instruction to K.A. The ALJ's ruling on Issue 2 must accordingly be AFFIRMED.

## IV. ORDER

For the foregoing reasons, the Court AFFIRMS the ruling of the ALJ on Issue 2. Following the entry of final judgment, the parties shall provide the ALJ with copies of the Court's three substantive orders dated December 2, December 4, and December 22, 2014, (ECF 70, 71, and 75), as well as a copy of the judgment.

**IT IS SO ORDERED.**

Dated: December 22, 2014

BETH LABSON FREEMAN
United States District Judge